IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

YOLANDA ARLEEN GODSON, )
)
        Plaintiff, )
)
  -vs- )    Civil Action No. 14-1497
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 12).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since June 1, 2011. (ECF No. 7-5, pp. 2, 8). Administrative Law Judge ("ALJ"), Lamar W. Davis, held a video hearing on July 17, 2012. (ECF No. 7-2, pp. 31-51). On February 27, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 19-27).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Residual Functional Capacity ("RFC")[1]

Plaintiff first asserts that the ALJ erred in determining Plaintiff's RFC because it was made without the benefit of any expert medical opinion. (ECF No. 10, pp. 3-7). Plaintiff submits that "the ALJ relied on his own lay opinion in determining the extent to which Plaintiff's functioning was diminished by her severe impairments of degenerative disc disease of the lumbar spine and depression." (ECF No. 10, p. 3). With regard to Plaintiff's psychological impairments specifically, Plaintiff argues that "this court cannot be assured that her serious symptoms could be ameliorated in the workplace by simply limiting Plaintiff to simple tasks without interacting with the public." *Id.* at p. 7. "[T]he ALJ reviewed the raw medical evidence himself, and using his own personal opinion, translated that raw medical evidence into an RFC assessment. *Id.* at 4.

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

Based on the same, Plaintiff submits that the RFC is not based on substantial evidence. Therefore, Plaintiff argues, remand is necessary.

A review of the record reveals that the only opinion evidence of record is from a state agency psychological consultant, Emanuel Schnepp, Ph.D., who indicated that a consultative examination was required to determine both mental and physical functional limitations. (ECF No. 7-3, pp. 4, 10). He further indicated that while Plaintiff was scheduled for examinations, she failed to appear and without the same there is insufficient evidence to support a valid determination. (ECF No. 7-3, pp. 4, 6, 10-12). As a result, Dr. Schnepp's determination is that Plaintiff is not disabled. *Id.* In essence, therefore, there was no medical opinion evidence in this case. "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). After a review of the record, I am unable to discern what evidence the ALJ relied upon in limiting Plaintiff to sedentary work with certain exceptions. I find the record is ambiguous. As a result, I find the ALJ's opinion is not based on substantial evidence. Consequently, remand is warranted on this basis.

On remand, the ALJ is instructed to order consultative examinations of Plaintiff with regard to her mental and physical functional capacity to work. [2] *See,* 20 C.F.R. §§404.1519(a), 416.919(a).

### C. Credibility

Additionally, Plaintiff submits that the ALJ erred in assessing the credibility of Plaintiff. (ECF No. 10, pp. 8-11). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d

---

[2] I note that if Plaintiff fails to appear for the consultative examinations scheduled by the ALJ, a decision may be rendered at that time based on that information.

309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In determining Plaintiff's credibility, the ALJ states as following: "Accordingly, hearing testimony concerning the functional impact of various pathologies is received with caution…." (ECF No. 7-2, p. 25). I find no error with regard to this statement. The ALJ continues, however, "and clinical impressions otherwise credited must, in the instant circumstance, be discounted to assuage potential distortion and misplaced reliance." *Id.* Based on this conclusory statement, I am unsure what clinical impressions are being discounted. As such, there is insufficient evidence for me to make a proper determination and I cannot say that this opinion of the ALJ is based on substantial evidence. Therefore, I find remand is warranted on this specific issue as well.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

YOLANDA ARLEEN GODSON,)
)
        Plaintiff,)
)
 -vs-)    Civil Action No. 14-1497
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
        Defendant.)

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 4th day of May, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is granted in part and denied in part as set forth in the opinion and Defendant's Motion for Summary Judgment (Docket No. 12) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

        BY THE COURT:

        s/ Donetta W. Ambrose
        Donetta W. Ambrose
        United States Senior District Judge