IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

YOLANDA ARLEEN GODSON,              )
                                    )
                Plaintiff,          )
                                    )
        -vs-                        )        Civil Action No.   14-1497
                                    )
CAROLYN W. COLVIN,                  )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
                Defendant.          )

AMBROSE, Senior District Judge

## MEMORANDUM ORDER OF COURT

Pending before is Plaintiff's Motion for Attorney Fees under the Equal Access to Justice

Act ("EAJA").  (ECF No. 16). Defendant has filed Objections thereto and Plaintiff has filed a

Reply Brief.  (ECF Nos.  19, 22).   After careful consideration of the submissions of the parties,

and as set forth below, I am granting Plaintiff's Motion for Attorney Fees.   (ECF No. 16).

## I.   BACKGROUND

This case was brought pursuant to the Social Security Act ("Act").   The case was decided

in favor of Plaintiff on cross motions for summary judgment on May 4, 2015.   (ECF No. 14). On

August 3, 2015, Plaintiff filed a Motion for Attorney Fees under the Equal Access to Justice Act

("EAJA"), 28 U.S.C. §2412.  (ECF No. 16).   Plaintiff seeks an award of $5,432.07.[1]   (ECF No.

16).   In response, Defendant does not contest the reasonableness of the hours expended or the

hourly rate requested by Plaintiff. [2]   (ECF No. 19).   Rather, Defendant only contests whether

---

[1]Plaintiff filed a Reply Brief and requests 4 hours in fees for having to prepare the same.   (ECF No. 22).
As a result, Plaintiff seeks a total of 32.4 hours yielding a total fee of $6,197.15.   *Id.*

[2]Plaintiff originally seeks 28.4 hours and later modified that to 32.4 hours (to include the time for preparing
the Reply Brief).   (ECF Nos. 19 and 22). Plaintiff also submits that the appropriate hourly rate is $191.27.
(ECF No. 17, p. 5).

Plaintiff is entitled to fees. *Id.* The issue is now ripe for review.

## II. LEGAL ANALYSIS

Under the EAJA, a prevailing party may be entitled to fees unless "the position of the United States was substantially justified." 28 U.S.C.A. § 2412(d)(1)(A). The burden of demonstrating substantial justification rests on Defendant. *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010). Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Id., quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Court must consider "whether the government's position has a reasonable basis in both fact and law." *Cruz,* 630 F.3d at 325. A court may not assume that because plaintiff prevailed, defendant's position was not substantially justified. *Id.* at 324-25. Overall, "[s]ubstantial justification constitutes a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous.'" *Clark v. Astrue*, 793 F. Supp. 2d 726, 729 (E.D. Pa. 2011).

Based on my review of this case and under all of the circumstances present here, I find a fee award is appropriate. Contrary to Defendant's position, I do not find the errors of the ALJ to be ones of mere articulation. (ECF No. 19). Rather, I find the errors of the ALJ related to Plaintiff's residual functional capacity and her credibility to be fundamental and contrary to the law and facts. Thus, I find the Defendant has failed to prove substantial justification.

Next, a party seeking fees bears the burden of demonstrating that its request is reasonable. *Newell v. Comm'r of Social Security*, 121 Fed. Appx. 937, 939 (3d Cir. 2005). Here, Plaintiff seeks fees totaling $6,197.15, representing 32.4 hours at an hourly rate of $191.27. Defendant does not raise any objections in this regard. It is well-settled that "the district court may not award less in fees than requested unless the opposing party makes specific objections to the fees requested." *United States v. Eleven Vehicles, Their Equip. & Accessories,* 200 F.3d 203, 211 (3d

Cir.2001). Since Defendant has made no specific objections in this regard, I find no cause to review the same.

THEREFORE, this 10th day of November, 2015, it is ordered that Plaintiff's Motion for Attorney Fees (ECF No. 16) is granted and Plaintiff is awarded attorney's fees under the EAJA in the amount of $6,197.15. These fees are to be paid directly to Plaintiff and sent to the business address of Plaintiff's counsel. Full or partial remittance of the awarded attorney fees will be contingent upon a determination by the Government that Plaintiff owes no qualifying, pre-existing debt(s) to the Government. If such a debt(s) exists, the Government will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s).

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge